**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE,<br><br>               Plaintiff,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC., *et al.*,<br><br>               Defendants. | Civil Action No. 20-1928 (SDW) (AME)<br><br>**OPINION**<br><br>June 27, 2022 |

**WIGENTON**, District Judge.

Before this Court are Defendants Pioneer Credit Recovery, Inc. ("Pioneer") and New York Higher Education Services Corp.'s ("HESC" or "NYSHESC") (collectively, "Defendants") Motions to Dismiss *pro se* Plaintiff Jane Doe's ("Plaintiff")[1, 2] Amended Complaint (D.E. 19 ("AC"))[3]. HESC moves to dismiss the counts against it and its employees for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). (D.E. 42.) Pioneer moves to dismiss the counts against it for failure to state a claim, pursuant to Rule 12(b)(6). (D.E. 43, 44.) Also before this Court are Plaintiff's Cross-Motion to Serve and Seal a Subpoena and Motion to Expand the Record. (D.E. 45, 52.) This Opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Motions are **DENIED**.

---

[1] On February 25, 2020, this Court granted Plaintiff's request to proceed in this case anonymously. (D.E. 5.)

[2] While Plaintiff is *pro se*, she has completed law school and passed the New York Bar Exam, and she was awaiting bar admission at the time she filed her briefs. (*See* D.E. 47 at 18 n.2.)

[3] An identical copy of the Amended Complaint was filed at D.E. 7.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff has student loans with the U.S. Department of Education through HESC, "a New York State agency created to administer New York State's financial aid and loan programs." (AC ¶ 11; *see* AC ¶¶ 2, 14.)  Plaintiff alleges that she is disabled and stopped making timely payments on these loans as her condition worsened. (*Id.*  ¶¶ 14, 22.)  As a result, Plaintiff defaulted on her student loans and HESC placed the loans with Pioneer for collection.  (*Id.* ¶ 15.)  This lawsuit arises from Plaintiff's allegations that Defendants "garnished" her Social Security disability benefits in an attempt to collect on her defaulted student loans.  (*Id.* ¶ 29; *see id.* ¶¶ 28–41.)

Plaintiff filed the instant suit in this Court on February 24, 2020, and filed her Amended Complaint on March 16, 2020.  (D.E. 1, 7, 19.)  Notably, the Amended Complaint does not explicitly identify HESC as a defendant, but asserts six counts against Pioneer and HESC's "[o]fficers, [a]gents, [e]mployees and/or [s]uccessors": (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count I); (2) conversion (Count II); (3) abuse of process (Count III); (4) intentional and/or reckless infliction of emotional distress ("IIED") (Count IV); (5) negligent infliction of emotional distress ("NIED") (Count V); and (6) negligence (Count VI).  (AC ¶¶ 12, 58–98.)

HESC subsequently moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.  (D.E. 42.)  Plaintiff opposed the motion and filed a cross-motion to serve and seal a subpoena.  (D.E. 45.)  HESC filed a reply brief in support of its motion and in opposition to Plaintiff's cross-motion.  (D.E. 49.)  Pioneer also moved to dismiss the Amended Complaint for failure to state a claim.  (D.E. 43, 44.)  Plaintiff opposed this motion and Pioneer filed a reply.  (D.E. 47, 48.)  After these motions were fully briefed, on March 10,

2022, Plaintiff filed a motion to expand the record.  (D.E. 52.)  Defendants filed separate briefs in opposition to the motion and Plaintiff filed separate reply briefs.  (D.E. 53, 55, 56, 57.)

II.   **LEGAL STANDARDS**

    A.   **Rule 12(b)(1) Motion to Dismiss**

Subject matter jurisdiction establishes a court's "very power to hear the case."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  "A facial attack contests the sufficiency of the complaint because of a defect on its face, whereas a factual attack asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites."  *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations and quotation marks omitted).  When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

    B.   **Rule 12(b)(6) Motion to Dismiss**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty.*

*of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

### A.   Pioneer's Motion to Dismiss

Pioneer moves to dismiss Plaintiff's claims against it on the basis that it has no federal authority or means to garnish Plaintiff's Social Security disability benefits, and that any allegations

Pioneer did so are implausible on their face.  Upon reviewing the applicable statutes and the exhibits attached to Plaintiff's Amended Complaint,[4] this Court agrees.

Plaintiff obtained her student loans through the Federal Family Education Loan Program, which issues loans guaranteed by private non-profit organizations and state agencies—here, HESC.  (*See* AC at Ex. A); 20 U.S.C. § 1078.  If a borrower defaults on repaying the loan, the guarantor pays on the claim to the holder of the loan and ownership of the loan vests with the guarantor.  (*See* AC at Exs. A, B); 20 U.S.C. § 1078(b); 34 C.F.R. § 682.401(b)(9).  The guarantor may then try to collect the loan balance from the borrower.  *See generally* 34 C.F.R. § 682.400 *et seq.*  One way a guarantor can pursue a defaulted student loan account balance is to certify the account with the Treasury Offset Program, which is run by the United States Department of Treasury ("DOT") and regulated by the United States Department of Education ("DOE").  *See* 20 U.S.C. § 1095a; 31 U.S.C. §§ 3716, *et seq.*; 34 C.F.R. §§ 30.20 *et seq.*  Under these regulations, any federal benefits (including tax refunds and social security benefits) can be offset and applied to the student loan debt.  *See Lockhart v. United States*, 546 U.S. 142, 145–46 (2005); 20 U.S.C. § 1095a; 31 U.S.C. § 3716(c)(3)(A)(i)(I).  Thus, the offset process is initiated by the guarantor and conducted by the DOT pursuant to DOE regulations.

Here, HESC certified Plaintiff's defaulted account with the Treasury Offset Program and the DOT offset Plaintiff's Social Security disability benefits accordingly, before paying the remainder to Plaintiff.  (*See* AC at Exs. C, D, E, and H.)  No factual allegation in Plaintiff's Amended Complaint and nothing in the attached exhibits supports a plausible inference that Pioneer initiated the offset process, conducted the offsets, possesses Plaintiff's Social Security

---

[4] On a motion to dismiss, courts may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

benefits, or otherwise "garnished" them. (*Id.* ¶ 29; *see id.* ¶¶ 28–41.) As Plaintiff's claims against Pioneer for conversion, abuse of process, IIED, NIED, and negligence (Counts II – VI) are generally based on Pioneer's alleged garnishment of her benefits, (*see* AC ¶¶ 74–98; D.E. 47 at 12–17), these claims will be dismissed with prejudice as to Pioneer.[5]

Separate from the alleged garnishment, Plaintiff alleges that Pioneer violated the FDCPA in attempting to collect her debt. (*See* AC ¶¶ 65–73.) However, the allegations in her pleading are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Amended Complaint does not contain any factual allegations as to how Pioneer misrepresented the amount or character of her debt or used unfair or deceptive practices to collect her debt, either in collection letters or in other communications to Plaintiff. Although Plaintiff attempts to add factual allegations in her opposition brief, (*see* D.E. 47 at 9–10), "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks, citation, and alteration omitted). Accordingly, this Court will dismiss Plaintiff's FDCPA claim without prejudice.

### B.   HESC's Motion to Dismiss

The Eleventh Amendment to the United States Constitution divests federal courts of their subject matter jurisdiction to hear suits brought against non-consenting states by private citizens. *See* U.S. Const. amend. XI; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984). "[A]rms of the state—including agencies, departments, and officials—are [also] entitled to the protection of the Eleventh

---

[5] To the extent that Plaintiff's IIED or NIED claims against Pioneer are based on Pioneer's collections letters, this Court notes that Plaintiff offers no factual allegations or case citations that are able to support such claims here. (*See* AC ¶¶ 85–94; D.E. 47 at 14 (citing to *Weiss v. McElwee*, Civ. No. 14-18588, 2015 WL 364727 (D.N.J. Jan. 23, 2015), an FDCPA case in which the plaintiff did not assert IIED or NIED claims).)

Amendment immunity from suit when the state is the real party in interest." *Trapp v. New Jersey*, Civ. No. 17-10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

Multiple federal courts have held that HESC is protected by Eleventh Amendment immunity. *See, e.g.*, *Kozaczek v. New York Higher Educ. Servs. Corp.*, 503 F. App'x 60, 62 (2d Cir. 2012) (affirming dismissal of all claims against HESC on Eleventh Amendment grounds); *Harper v. New York State Higher Educ. Servs. Corp.*, 152 F.3d 918, 918 (2d Cir. 1998) (holding that "HESC, a state agency, is entitled to claim the state's Eleventh Amendment immunity"); *Oliver Sch. Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991) (dismissing "all claims against HESC . . . for the Eleventh Amendment plainly deprives the federal court of jurisdiction over those claims"); *N'Jai v. United States Dep't of Educ.*, Civ. No. 19-2712, 2021 WL 1209281, at *4 (D.D.C. Mar. 31, 2021) ("Courts have [] consistently concluded that, as a state agency, New York Higher Education Services is entitled to sovereign immunity under the Eleventh Amendment.") (compiling cases); *Minier v. Higher Educ. Servs. Corp.*, Civ. No. 09-1682, 2009 WL 10706353, at *2 (E.D.N.Y. Oct. 13, 2009) ("Plaintiff's claim against HESC is clearly barred by the Eleventh Amendment and must be dismissed under Fed. R. Civ. P. 12(b)(1).").

Plaintiff does not dispute HESC's Eleventh Amendment immunity.  Instead, she argues that she is not suing HESC itself, but its officers, agents, employees, and successors (collectively, the unidentified "HESC Individual Defendants") in their personal capacities.   (AC ¶ 12.) Accordingly, Plaintiff argues that HESC does not have standing to file its instant motion to dismiss. (*See* D.E. 45-1 at 3.)  However, although HESC is not listed as a party to this suit in the Amended Complaint, both Plaintiff and Magistrate Judge André M. Espinosa have acknowledged the reality

that HESC is a party to this case.  (*See* D.E. 30 at 1–2; D.E. 41 at 19.)[6]  Even if HESC were a non-party, it would still have at least third-party standing to file the instant motion because it has "a close relationship" with the HESC Individual Defendants, who are "hind[ered]" from "protect[ing their] own interests" since they have not yet been identified or served in this matter.  *Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004) (internal quotation marks and citation omitted).  As the parties agree that Plaintiff is either not asserting claims against HESC or cannot sustain claims against HESC in this action, this Court will proceed to address Plaintiff's allegations against the HESC Individual Defendants.[7]

HESC argues that this Court should decline to exercise jurisdiction over Plaintiff's claims against the unidentified HESC Individual Defendants pursuant to the *Colorado River*, *Younger*, and *Burford* doctrines of abstention.  (*See* D.E. 42-1 at 8–15 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).)  Without addressing the applicability of the other abstention doctrines, this Court will abstain from exercising subject matter jurisdiction over the claims against the HESC Individual Defendants because *Colorado River* abstention applies.[8]

Although a federal court has a "virtually unflagging obligation" to exercise its jurisdiction, it may dismiss a case in favor of a "concurrent state proceeding" in "exceptional" circumstances, based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial

---

[6] In a letter to Magistrate Judge Leda D. Wettre on April 5, 2021, Plaintiff stated that "NYSHESC is well aware of this Action and the fact that it is named as a Defendant," and added that "NYSHESC was also notified that it is a Defendant in this Action in my Claim against it in the New York Court of Claims."  (D.E. 30 at 1–2.)  In a telephone conference with the parties on September 30, 2021, Magistrate Judge André M. Espinosa stated to HESC's General Counsel, "You're a party in the case now. You should bring a motion, if you determine one's appropriate."  (D.E. 41 (Hearing Transcript) at 19.)

[7] For the avoidance of doubt, this Court holds that any lawsuit against HESC in this Court is barred by the Eleventh Amendment.

[8] This Court would *sua sponte* abstain from exercising jurisdiction over Plaintiff's claims against the HESC Individual Defendants if HESC did not have standing to file its motion to dismiss those claims.

resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817–18 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).  To determine whether *Colorado River* abstention is appropriate, this Court must first determine whether the federal and state proceedings are "parallel." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).  "Cases are parallel if they involve . . . 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (quoting *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994)).  However, the Third Circuit has "never required complete identity of parties for abstention." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006) (citation omitted). "[P]arallel proceedings are those that are truly duplicative, that is, when the parties and the claims are identical, or at least effectively the same." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 285 (3d Cir. 2017) (internal quotation marks and citations omitted).

Here, Plaintiff stated in her Amended Complaint that she "will file against NYSHESC in the New York Court of Claims."  (AC ¶ 11.)  She subsequently did so, alleging identical claims for violations of the FDCPA, conversion, abuse of process, IIED, NIED, and negligence.  *See* Verified Claim ¶¶ 2(g) and 5, *Jane Doe v. State of New York*, Claim No. 135692 (N.Y. Ct. Cl. Dec. 1, 2020) (alleging that HESC "unlawfully garnish[ed] monies from [her] Social Security Disability Benefits").[9]  Notably, under New York law, the New York Court of Claims is the appropriate forum for Plaintiff's claims against HESC as it is the only court where New York has "agreed to be sued." *Harper*, 152 F.3d at 918 (citing N.Y. Educ. Law § 653(4)); *see also Bell v. New York Higher Educ. Assistance Corp.*, 526 N.Y.S.2d 316, 317–19 (N.Y. Sup. Ct. 1987), *aff'd*, 533 N.Y.S.2d 642 (N.Y. App. Div. 1988).  Although Plaintiff's claims in this action are against

---

[9] This Court has modified the caption of Plaintiff's New York Court of Claims case to preserve her anonymity.

HESC's employees in their personal capacities and not against HESC, the parties are effectively the same, as the HESC Individual Defendants are thus far fictitious, have not been served, and cannot be identified without discovery from HESC (and in fact, Plaintiff moves to obtain discovery from HESC in this case, as discussed below).  Moreover, HESC is the real party in interest in this case because it will be legally required to defend and indemnify its employees in this action unless they acted outside the scope of their employment, which Plaintiff does not allege.  *See* N.Y. Pub. Off. Law § 17.  Accordingly, this Court finds that the two actions are parallel.

Second, this Court must determine whether abstention is appropriate by weighing the six factors set forth in *Colorado River* and its progeny.  *See Timoney*, 66 F. App'x at 406.  Those factors are: "(1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties."  *Id.* (quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)).  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required."  *Colorado River*, 424 U.S. at 818–19 (citation omitted).  The factors must be "applied in a pragmatic, flexible manner with a view to the realities of the case at hand."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

Here, the first factor is inapplicable and the remaining factors generally weigh in favor of abstention.  New York's Court of Claims is convenient to Plaintiff since she sued HESC there, and it is more convenient to HESC's unidentified employees who are presumably based in New York. The desirability of avoiding piecemeal litigation weighs heavily in favor of abstention, as it would

be an unfair burden on HESC to litigate the claims against it in one court while engaging in discovery, defending its employees, and indemnifying them against judgment on identical claims in another court.  Although this Court obtained jurisdiction first, this matter is still at the pleading stage and the HESC Individual Defendants have not even been identified.  In contrast, Plaintiff's state court case is well into discovery and Plaintiff even asks this Court to consider documents that she obtained in discovery from HESC in the state court action, as part of her Motion to Expand the Record in this case. (*See* D.E. 52-1 at 1.)  With respect to the applicable law, Plaintiff's FDCPA claim is governed by federal law, but her remaining five claims are governed by state law.  Finally, New York's state court is more familiar with borrowers' claims against HESC and its employees, and the court will be adequately capable of protecting Plaintiff's rights.  Accordingly, abstention in this case would be "[w]ise judicial administration," *Colorado River*, 424 U.S. at 817, and Plaintiff's claims against the Individual HESC Defendants will be dismissed.

### C. Plaintiff's Motions

While arguing that HESC is not a party to this action, Plaintiff filed a cross-motion to HESC's Motion to Dismiss, asking this Court to "Direct the U.S. Marshal's Service to Serve (the Unredacted Version of the Annexed Proposed) Rule 45 Third-Party Subpoena" on HESC "Prior to a Rule 26(f) Conference; and to File the . . . Subpoena Under Seal." (D.E. 45-1 at 1 (capitalization in original).)  Plaintiff seeks to subpoena the HESC Individual Defendants' names and addresses from HESC. (*Id.* at 9.)  However, "[t]he Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought." *Simrin v. Corr. Med. Servs.*, Civ. No. 05-2223, 2006 WL 469677, at *2 (D.N.J. Feb. 24, 2006) (citing *Pennhurst*, 465 U.S. at 100).  "Because the Eleventh Amendment provides HESC with immunity from orders issued by a federal court, this Court has no jurisdiction to grant the requested

relief . . . ." *Kozaczek v. New York Higher Educ. Servs. Corp.*, Civ. No. 10-107, 2011 WL 3687379, at *4 (D. Vt. Aug. 23, 2011), *aff'd*, 503 F. App'x 60 (2d Cir. 2012).  Plaintiff's cross-motion will therefore be denied.  Plaintiff may pursue her claims and the discovery she desires in her pending suit in the New York Court of Claims.

Plaintiff's Motion to Expand the Record asks this Court to consider additional documents in deciding the pending Motions to Dismiss, including documents that Plaintiff obtained through discovery in her pending suit against HESC in the New York Court of Claims.  (*See* D.E. 52-1 at 1.)  This Court has reviewed the documents, and, despite Plaintiff's contentions, they do not change this Court's findings that Pioneer had no control over the Treasury offsets, that HESC is entitled to Eleventh Amendment immunity, and that abstention is appropriate as to Plaintiff's claims against the HESC Individual Defendants.  Plaintiff's Motion to Expand the Record was unnecessary and gives the impression that it was filed to give Plaintiff an opportunity to file three additional briefs.  Accordingly, this Court will deny the motion.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED**.  Plaintiff's FDCPA claim against Pioneer is **DISMISSED WITHOUT PREJUDICE** and Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.  Plaintiff's Cross-Motion to Serve and Seal a Subpoena and Motion to Expand the Record are **DENIED**.  Plaintiff may amend her FDCPA claim against Pioneer only within 30 days if she can plead sufficient factual allegations in support of the claim.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         André M. Espinosa, U.S.M.J.
            Parties